Court of Common Pleas of Hamilton County.

THE STATE OF OHIO V. GEORGE REMUS.

Decided July 5, 1928.

SHOOK, J.

In the above entitled cause, as shown by the record, during the recent murder trial, on Wednesday, December 14th, 1927, the defendant was found guilty of contempt of court, at the time he was assisting in his own defense. Unseemly and boisterous conduct in open court was the basis for the finding.

The defendant was allowed to appear in his own defense and by counsel, by reason of constitutional guarantees.

Article I, Section 10 of the Ohio Constitution, in part reads:

"In any trial in any court, the party accused shall be allowed to appear and defend himself in person and with counsel."

This section of the Ohio constitution also contains the following provisions:

"In any trial, in any court, the party accused shall be allowed *   *   *   to meet the witness face to face."

The so-called "Due Process of Law" section of the Constitution of the United States (Article XIV, Section 1) has been construed by numerous authorities, guaranteeing the right of the defendant to meet his witness face to face. He was, therefore, allowed to defend himself, not because he was or had been a lawyer, but because he was the defendant in the case. Furthermore, there was no authority in law to remove this defendant from the court room.

The jury acquitted the defendant of the serious charge of murder, on the sole ground of insanity, that is, the jury

found that on October 6, 1927, he was insane. Upon the rendition of the verdict, on December 20, 1927, in the murder trial, by statutory proceeding, the verdict was automatically certified to the Probate Court.

Thereupon the Probate Court found that this defendant was insane and committed him to the Lima State Hospital.

Judge Charles S. Bell, of this court, subsequently dismissed a writ of habeas corpus brought by this defendant, holding that, by reason of the verdict of the jury, there was a legal presumption that defendant was insane from the date of the murder, to-wit, October 6, 1927, and that this presumption existed upon the hearing in the Probate Court.

After being incarcerated in the Lima State Hospital for the Insane, defendant, in another habeas corpus proceeding, proved, to the satisfaction of a majority of the Court of Appeals of Allen county, his sanity at the time of the hearing there.

This judgment was sustained by the Supreme Court of Ohio, as a result of which defendant was released from the insane asylum.

Syllabus 3 of the Supreme Court decision reads:

"The verdict of acquittal on the ground of insanity is *prima facie* evidence of the inmate's insanity, and the presumption of insanity thereafter continues; and in order to obtain his release from such hospital, by writ of habeas corpus the inmate has the burden of removing that presumption and of establishing with reasonable certainty, his sanity."

The defendant is responsible to this particular court alone for the contempt committed. By reason of the verdict of the jury, and the subsequent judicial proceedings, culminating in the Supreme Court decision, it necessarily follows that the contempt proceedings must be, and hereby are, dismissed.